```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NORMA DEL FRANCO,

                        Plaintiff,                               ORDER
                                                                 CV-02-3064 (JMA)
        -against-

NEW YORK CITY OFF-TRACK BETTING
CORPORATION,

                        Defendant.
----------------------------------------------------------X
```

A P P E A R A N C E S:

    Michael A. Cardozo
    Corporation Counsel of the City of New York
    100 Church Street
    New York, New York 10007
    By:    Isaac Klepfish
            Assistant Corporation Counsel
    *Attorney for Defendant*

**AZRACK, United States Magistrate Judge:**

    Plaintiff Norma Del Franco commenced this action against her former employer, defendant New York City Off-Track Betting Corporation ("OTB") on May 23, 2002. In her complaint, plaintiff alleged that OTB discriminated against her on the basis of age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., and subjected her to a hostile work environment. On April 28, 2006, summary judgment was granted to defendant and plaintiff's claims were dismissed. On May 2, 2006, judgment was entered by the Clerk of Court. On May 26, 2006, plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Second Circuit.

    Defendant now moves for taxation of costs in the amount of $980.85 for the deposition

transcript of plaintiff. Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). In addition, Rule 54.1(a) of the Local Rules for the Southern and Eastern Districts of New York provides that "[w]ithin thirty (30) days after the entry of final judgment, or, in the case of an appeal by any party, within thirty (30) days after the final disposition of the appeal . . . any party seeking to recover costs shall file with the clerk a request to tax costs annexing a bill of costs and indicating the date and time of taxation." Local Civil Rule 54.1(a). However, what is dispositive at this procedural juncture is the instruction that "[c]osts will not be taxed during the pendency of any appeal." Id.

Plaintiff filed an appeal to the Second Circuit on May 26, 2006. (See Dkt. No. 34: Notice of Appeal.) Since Local Civil Rule 54.1 expressly prohibits an award of costs during the pendency of appeal, a bill of costs can not issue at this time. See Sanders v. City of New York, 218 F. Supp. 2d 538, 544 (S.D.N.Y. 2002). Accordingly, defendant's motion for costs is denied.

SO ORDERED.

Dated: July 26, 2007
      Brooklyn, New York

                                              /s/
                                        JOAN M. AZRACK
                                        UNITED STATES MAGISTRATE JUDGE

Copy also sent to:

    Mario DeMarco, Esq.
    8 South Main Street
    Port Chester, New York 10573
    *Attorney for Plaintiff*